ORIGINAL

FILED

09 AUG 28 PM 12:58

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: DEPUTY

VIA FAX

JAMES L. JACOBS (petition submitted) (Bar # 158277)
SALLIE KIM (petition submitted) (Bar # 142781)
KIMBERLY A. DONOVAN (Bar # 160729)
GCA LAW PARTNERS LLP
1891 Landings Drive
Mountain View, CA 94043
(650) 428-3900
(650) 428-3901 [fax]

Attorneys for Plaintiff AFS TECHNOLOGIES, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AFS TECHNOLOGIES, INC. a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ANN S. PRICE, an individual,<br><br>Defendant. | No. '09 CV 1883 L WMc<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

Plaintiff AFS TECHNOLOGIES, INC. ("AFS" or "Plaintiff"), for its claims against Defendant ANN S. PRICE ("PRICE" or "Defendant"), alleges as follows:

**THE PARTIES**

1. AFS is a Delaware corporation with its corporate headquarters and principal place of business located in the City of Phoenix, County of Maricopa, State of Arizona.

2. AFS is informed and believes, and thereon alleges, that PRICE resides in, and is a citizen of, the state of California.

**JURISDICTION AND VENUE**

3. This action arises under Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b) and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.





4. This Court has subject matter jurisdiction over this action pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa and 28 U.S.C. §1331.

5. In addition, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that in the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states, and, pursuant to 28 U.S.C. § 1367(a), and the principles of supplemental jurisdiction.

6. Venue is proper in this District pursuant to Section 27 of the Exchange Act, 15 U.S.C. §78aa and 28 U.S.C. § 1391. Many of the acts complained of herein occurred in substantial part in this District.

7. In connection with the acts, transactions and conduct alleged herein, Defendant, directly or indirectly, used the means and instrumentalities of interstate commerce, including, but not limited to, interstate telephonic communications and the United States mail system.

**FACTUAL ALLEGATIONS**

8. AFS is a leading provider of food and beverage enterprise software solutions.

9. Motek Information Systems, Inc. ("Motek") is a provider of Priya, a warehouse management system used by food and beverage industry manufacturers and distribution companies. Motek also has non-food and non-beverage customers as well.

10. This dispute arises out of the transaction ("Transaction") pursuant to which AFS purchased all of the outstanding shares of stock of Motek from PRICE, its sole shareholder and its then Chief Executive Officer.

11. The sale of PRICE's shares in Motek was effected through a Stock Purchase Agreement (the "Agreement") executed by the parties on August 29, 2008 (the "Closing Date").

12. According to the terms of the Agreement, in exchange for the 600 outstanding common shares of Motek held by Ms. Price, she was to receive up to $3,400,000 (subject to certain adjustments set forth in the Agreement), with the ability to earn up to an additional $1,600,000 upon the achievement of certain post-closing revenue targets (which ultimately



OCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

were not met).

13. Prior to the Closing Date, PRICE, and others under her direction and control, met with representatives of AFS to provide detailed information regarding Motek's business and prospects including, among other things, information relating to Motek's financial results and future financial prospects, its customers and the status of its customer relationships, the products and services it offered, the status of the technical development of its products, and other facets of its business.

14. Among the statements and representations of fact made by PRICE in the course of this due diligence process were the representations made in or about July 2008 to AFS representatives that Motek's Priya software version 2008 was both tested and rolled out to some customers and that its technical issues had been resolved. This was prompted by AFS' queries resulting from AFS' due diligence, which indicated that the 2008 version had problems. PRICE specifically denied that there were outstanding issues and asserted that customers were using the 2008 version, a statement which turned out to be false.

15. At the time that PRICE made these representations, Motek's Priya software version 2008 had been neither sufficiently tested nor rolled out to most customers and still had numerous technical issues associated with it.

16. AFS did not learn of the true facts concerning the status of Priya 2008 until after the Closing Date and ultimately had to incur significant expenses to correct the shortcomings in Priya 2008 to bring it to the status PRICE represented in had achieved prior to the Closing Date. AFS is informed and believes and on that basis alleges that the cost to complete this work to Priya 2008, following the closing of the Transaction, equals or exceeds, $125,008.

17. In connection with the due diligence process, PRICE, directly or by others under her direction and control, also furnished detailed written information regarding Motek's business and prospects including, among other things, information relating to Motek's financial results and future financial prospects, its customers and the status of its customer relationships, the products and services it offered, the status of the technical development of



OCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

its products, and other facets of its business, and provided certain of Motek's books and records for AFS' review, including Motek's financial statements for the then current period and for prior periods.

18. In the Agreement, PRICE also made various representations and warranties to AFS including, but not limited to, representations and warranties concerning Motek's "Compliance with Laws," its "Liabilities," its "Financial Statements," its "Contracts," its "Receivables," and the "Accuracy of Information Furnished" to AFS.

19. The afore-mentioned information, representations and warranties were provided by PRICE to AFS to induce AFS to purchase her shares of Motek stock. AFS reasonably relied upon the information received from or at the direction of PRICE, and the representations and warranties made by PRICE, in deciding to enter into the Agreement and in determining the value of Motek's stock and the price it would pay for it.

20. Much of the information and many of the representations and warranties provided by PRICE to AFS prior to the consummation of the Transaction were false, inaccurate and/or misleading including, for example, the following:

a. Notwithstanding PRICE's representation and warranty regarding Motek's compliance with applicable laws, PRICE failed to disclose that Motek failed to carry workers' compensation insurance that it was legally required to maintain in the State of New York, and that Motek's failure would result in a judgment and liability against it from the New York Workers' Compensation Board.

b. Notwithstanding Price's disclosure of customer contracts and PRICE's representation and warranty regarding its contracts, PRICE failed to disclose and, instead, concealed that, with respect to various existing customers who had contracts (including Woot, SCS, Spire, and D&E), Motek had yet to complete work it agreed (and was obligated) to perform, and for which Motek had already recognized revenues. AFS is informed and believes and on that basis alleges that the cost to complete this work, following the closing of the Transaction, equals or exceeds, $268,250.



OCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

c. Notwithstanding PRICE's disclosure of Motek's agreement with Halls as a "Material Contract" and PRICE's representation and warranty regarding this contract, on information and belief, AFS alleges that PRICE knew (but failed to disclose) that Halls was extremely dissatisfied with Motek and that Halls had indicated to PRICE that it was terminating the agreement and had, effectively, constructively terminated its agreement with Motek.

d. Notwithstanding PRICE'S disclosure of Motek's agreement with Cemex as a "Material Contract" and PRICE's representation and warranty regarding this contract, on information and belief, AFS alleges that PRICE knew (but failed to disclose) that Cemex had not fully performed all of its covenants in its agreement with Motek and/or that the agreement, effectively, was no longer in force.

e. Notwithstanding PRICE's disclosure of Motek's financial information including its financial statements, and PRICE's representations and warranties regarding Motek's financial statements and receivables, the information provided was inaccurate and included, *inter alia*, an invalid accounts receivable to Associated Grocer (in the amount of $21,730 for product the customer never ordered or received) and other false and misleading information.

f. PRICE failed to disclose accurately the liability associated with Motek's failure to pay withholding payments to the appropriate jurisdiction on behalf of its employee Dan Waters.

g. Notwithstanding PRICE's representation and warranty regarding the accuracy of Motek's books and records, the books and records of Motek did not fully, fairly or accurately reflect all of the information they purported to reflect.

21. Further, AFS is informed and believes and on that basis alleges that PRICE caused Motek to record the revenues from a real estate-related contract through Motek while, at the same time, it failed to disclose to AFS the true source for these revenues. Thus, PRICE



OCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

represented that the $250,000 of revenues associated with this transaction were part of Motek's software business when they were not. Not only did this breach, *inter alia*, PRICE's representation and warranty in the Agreement that "The books and records of [Motek] fully and fairly reflect in all material respects all of its transactions, properties, assets and liabilities," it similarly materially affected the perception of the value of Motek (and its stock) and overinflated the purchase price paid by AFS.

22. The overall picture of Motek painted by PRICE's misrepresentation and omissions of material facts was that Motek was, *inter alia*, a healthy company, with a robust version of its 2008 Priya software, with strong customer relationships, healthy financials and promising prospects. Based upon this rosy but misleading picture, AFS conducted its valuation of PRICE's stock and agreed to purchase her shares at an inflated purchase price. Had the true facts concerning Motek been disclosed to AFS regarding, *inter alia,* the problems with Motek's Priya 2008 software, the significant remaining (yet undisclosed and costly obligations) Motek owed to its customers, the fact that certain material contracts to Motek's business had either been terminated or the customer was not performing all of its covenants, that certain of the books and records of Motek provided to AFS prior to the Closing Date did not, in fact, fully, accurately or fairly reflect the information they purported to reflect, AFS would never have paid the inflated price for PRICE's stock that it had paid and would have only paid a far reduced price for the shares which more accurately reflected their true value.

**FIRST CLAIM FOR RELIEF**

**(Violation of Section 10(b) of the Exchange Act and Rule 10b-5 Promulgated Thereunder)**

23. AFS repeats and realleges each and every allegation contained above as if fully set forth herein.

24. This Claim is asserted by AFS based on violation of Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.

25. PRICE made untrue statements of material fact and/or omitted to state material



OCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

facts necessary to make the statements not misleading as described herein by means or instrumentalities of interstate commerce.

26. PRICE made untrue statements of material fact and/or omitted to state material facts necessary to make the statements not misleading as described herein in connection with the sale of the stock of Motek to Plaintiff AFS.

27. PRICE sold the stock of Motek to Plaintiff AFS.

28. PRICE engaged in the fraudulent activity described above knowingly and intentionally or in such a reckless manner as to constitute willful deceit and fraud upon Plaintiff AFS. PRICE knowingly made the information, statements, representations and warranties (including the financial information of Motek provided to AFS) to contain misstatements and omissions of material fact as alleged herein.

29. PRICE acted with scienter in that, *inter alia*, PRICE knew or acted with recklessness with respect to the fact that the information, statements, representations and warranties made to AFS (including the financial information of Motek provided to AFS) were false and misleading.

30. As a result of PRICE's fraudulent activity, AFS purchased the stock of Motek from PRICE and paid a price for the stock of Motek that was artificially inflated. Further as a result of PRICE's fraudulent activity, AFS had to spend significant sums, totaling hundreds of thousands of dollars, to complete Priya 2008 and to fulfill the commitments and obligations Motek had made to its customers but which PRICE never disclosed to AFS.

31. In ignorance of the true state of Motek's business, including the status of its Priya 2008 software, its customer relations and contracts, and of the other facts and circumstances described herein, Plaintiff AFS relied upon the statements, information, representations and warranties provided by PRICE that contained false or misleading information and purchased the stock of Motek from PRICE at the artificially inflated price.

32. As a direct and proximate result of PRICE's wrongful conduct, Plaintiff AFS suffered damages in connection with its purchase of the stock of Motek.



OCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

**SECOND CLAIM FOR RELIEF**

**(Intentional Misrepresentation)**

33. AFS repeats and realleges each and every allegation contained above as if fully set forth herein.

34. As explained in detail above, PRICE made false representations, and failed to disclose to AFS facts which were material, when PRICE was attempting to sell her stock in Motek to AFS. PRICE made these statements intending that AFS rely on them.

35. PRICE knew that these representations were false at the time the representations were made, or PRICE recklessly disregarded the truth or falsity of the statements. PRICE further knew that she was making false representations or withholding material facts regarding, *inter alia,* the status of Priya 2008, Motek's compliance with applicable laws, its undisclosed obligations to its customers, the status of its relationship with Halls, the status of Cemex's performance, the accuracy of Motek's financial information including its receivable from Associated Grocer, the liability associated with Dan Waters, and the accuracy of Motek's books and records. PRICE made these representations, and withheld material facts, so that AFS would purchase her stock in Motek. AFS' purchase of stock in Motek would benefit PRICE directly, because AFS purchased PRICE's stock in Motek at an artificially inflated price.

36. AFS did not know the representations were false when they were made and justifiably and reasonably relied upon these representations by, among other things, paying the inflated price to PRICE to purchase her shares of stock.

37. AFS was not aware that PRICE's representations were false when they were made to AFS, and AFS was unaware that PRICE was withholding material facts. Had AFS been aware of the true facts, AFS would either have purchased the stock in Motek at a far lower price or AFS would not have purchased the stock in Motek at all.

38. As a direct and proximate result of PRICE's intentional misrepresentations, AFS has been damaged in an amount to be determined at trial, plus interest thereon.



OCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

39. In doing the above acts, PRICE acted with malice, fraud, oppression, or in conscious disregard of the rights of AFS, thereby entitling AFS to an award of exemplary and punitive damages.

## THIRD CLAIM FOR RELIEF

**(Negligent Misrepresentation)**

40. AFS repeats and realleges each and every allegation contained above as if fully set forth herein.

41. PRICE represented that she had knowledge of facts relating to Motek's business and operations about which she was informing AFS and the sale of securities in Motek to AFS. PRICE breached her duty of care by furnishing information to AFS concerning Motek which contained untrue statements of material facts and by omitting to state material facts necessary in order to make the statements and representations made to AFS not misleading.

42. PRICE failed to take reasonable care in determining the truthfulness of the representations she made to AFS regarding Motek. PRICE should have known, in the exercise of reasonable care, that the representations were false and would mislead AFS, inducing it to acquire all of Motek's shares of stock. PRICE made the statements intending that AFS would rely upon them. AFS did reasonably rely upon the representations and purchased PRICE's stock in Motek for the price AFS negotiated based upon the representations.

43. The statements and representations of PRICE, as hereinabove alleged, if not known by PRICE to be false at the time made, were negligently and recklessly made without investigation by PRICE as to the true facts, without any reasonable basis for PRICE to believe them to be true, and in a manner not warranted by the information then possessed by PRICE. At the time they made such statements and representations, PRICE, and each of them, should have known they were untrue.

44. As a direct and proximate result of its efforts to invest in Motek, AFS has



OCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

suffered damages in an amount to be determined at trial, together with interest thereon.

45. By reason of the foregoing negligent misrepresentations by PRICE and negligent omission of material facts, AFS is entitled to recover damages in an amount to be determined at trial, together with interest at the legal rate.

**FOURTH CLAIM FOR RELIEF**

**(Breach of Representations and Warranties in Contract)**

46. AFS repeats and realleges each and every allegation contained above as if fully set forth herein.

47. As previously alleged, the Agreement contains various representations and warranties of PRICE.

48. PRICE has breached representations and warranties in Article 3 of the Agreement by, among other things, Motek's failure to comply with applicable laws, PRICE's failure to disclose significant obligations Motek owed to certain of its customers, PRICE's failure to disclose Hall's dissatisfaction with Motek and its termination of its contract with Motek, PRICE'S failure to disclosure that Cemex had not fully performed all of its covenants in its agreement with Motek, PRICE's failure to disclose the inaccuracies in Motek's financial information including an invalid accounts receivable to Associated Grocer, PRICE's failure to disclose accurately the liability associated with Motek's failure to pay withholding payments to the appropriate jurisdiction on behalf of its employee Dan Waters, and by virtue of the fact that the books and records of Motek did not fully, fairly or accurately reflect all of the information they purported to reflect.

49. AFS has fully performed all of his obligations under the Agreement except to the extent that it has been prevented or excused from performing such obligations, as a result of the conduct of PRICE.

50. As a proximate result of PRICE'S breach as alleged herein, AFS has suffered damages in an amount that will be determined at trial, plus interest.

51. Pursuant to Section 6.1(a) of the Agreement, AFS further seeks the recovery of its reasonable attorney fees and expenses incurred in connection with this Claim.



OCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

**FIFTH CLAIM FOR RELIEF**

**(Breach Of Contract)**

52. AFS repeats and realleges each and every allegation contained above as if fully set forth herein.

53. As previously alleged, PRICE has breached her obligations under the Agreement. In addition, PRICE has further breached her obligations under Sections 4.8(a) and 4.8(b) of the Agreement by failing to duly prepare, or cause to be prepared, and file, or cause to be filed, on a timely basis, all tax returns for Motek for the period running from January 1, 2008 to the date of, or the date immediately before, the Closing Date of August 29, 2008, and by failing to cooperate with AFS' request that PRICE provide AFS with a copy of other relevant tax-related information, including a copy of the tax return PRICE filed for the year ending December 31, 2007.

54. AFS has fully performed all of its obligations under the Agreement except to the extent that it has been prevented or excused from performing such obligations, as a result of the conduct of PRICE.

55. As a proximate result of PRICE's breach as alleged herein, AFS has suffered damages in an amount that will be determined at trial, plus interest.

56. Pursuant to Section 6.1(a) of the Agreement, AFS further seeks the recovery of its reasonable attorney fees and expenses incurred in connection with this Claim.

**PRAYER FOR RELIEF**

WHEREFORE, AFS prays for judgment as follows:

A. That the Court award AFS monetary damages, arising from the acts of PRICE alleged herein, in an amount according to proof;

B. That the Court award AFS exemplary and punitive damages in an amount according to proof on its Second Claim For Relief;

C. For Pre-Judgment and Post-Judgment Interest;

D. For reasonable attorneys' fees and costs on its Fourth and Fifth Claims For Relief;



OCA Law Partners LLP
1891 Landings Drive
Mountain View, CA 94043
(650)428-3900

c) For costs of suit;

d) For such other relief as the Court deems appropriate.

Dated: August 28, 2009

GCA LAW PARTNERS LLP

By: ______________________
James L. Jacobs

Sallie Kim
Kimberly A. Donovan
1891 Landings Drive
Mountain View, California 94043
Telephone: 650-428-3900
Facsimile: 650-428-3901

Attorneys for Plaintiff

AFS TECHNOLOGIES, INC.

**DEMAND FOR JURY TRIAL**

Plaintiff AFS TECHNOLOGIES, INC. hereby demands a trial by jury of all issues so triable.

Dated: August 28, 2009

GCA LAW PARTNERS LLP

By: ______________________
James L. Jacobs

Sallie Kim
Kimberly A. Donovan
1891 Landings Drive
Mountain View, California 94043
Telephone: 650-428-3900
Facsimile: 650-428-3901

Attorneys for Plaintiff

AFS TECHNOLOGIES, INC.

ORIGINAL

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED

09 AUG 28 PM 12:57

CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA

BY: DEPUTY

VIA FAX

**I. (a) PLAINTIFFS**
AFS Technologies, Inc., a Delaware corporation

**DEFENDANTS**
Ann S. Price, an individual

(b) County of Residence of First Listed Plaintiff: Maricopa County,AZ
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
James L. Jacobs/GCA LAW PARTNERS LLP
1891 Landings Drive, Mountain View, CA 94043 (650) 428-3900

Attorneys (If Known)
'09 CV 1883 L WMc

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☒ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. section 78j and 15 U.S.C. section 1332

Brief description of cause:
Breach of securities laws/contract in stock sale

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 — DEMAND $ $1,000,000 — CHECK YES only if demanded in complaint: JURY DEMAND: ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ______ DOCKET NUMBER ______

DATE 8/28/09 — SIGNATURE OF ATTORNEY OF RECORD [signature]

FOR OFFICE USE ONLY

RECEIPT # 4654 AMOUNT 350 APPLYING IFP ______ JUDGE ______ MAG. JUDGE ______

8/28/09

Ok

Court Name: USDC California Southern
Division: 3
Receipt Number: CAS004654
Cashier ID: sramirez
Transaction Date: 08/28/2009
Payer Name: ACE MESSENGER ATTY SVCS

---

CIVIL FILING FEE
For: AFS TECH. V. PRICE
Case/Party: D-CAS-3-09-CV-001883-001
Amount: $350.00

---

CHECK
Check/Money Order Num: 40522
Amt Tendered: $350.00

---

Total Due: $350.00
Total Tendered: $350.00
Change Amt: $0.00

There will be a fee of $45.00 charged for any returned check.